# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: J.H.**

**No. 13-0165** (Ohio County 12-CJA-76)

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Mother, by counsel Gerald G. Jacovetty Jr., appeals the Circuit Court of Ohio County's termination of her parental rights to J.H. by order entered January 24, 2013. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Joseph J. Moses, filed a response on behalf of the child also supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in failing to grant her an improvement period and in terminating her parental rights to J.H.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2010, petitioner's parental rights to her four eldest children were involuntarily terminated in Allegheny County, Pennsylvania after she failed to comply with a treatment plan designed to address issues of neglect and abuse due to domestic violence, drug abuse, and mental health problems. In July of 2010, petitioner gave birth to a fifth child. Upon delivery, both petitioner and the child tested positive for barbiturates and benzodiazepines. Petitioner was again offered services to remedy these same issues of abuse and neglect in Allegheny County, but her parental rights to this fifth child were ultimately terminated in October of 2012. That same month, petitioner gave birth to her sixth child, J.H., in Ohio County, West Virginia. The DHHR filed an abuse and neglect petition based upon the prior involuntary termination of petitioner's parental rights to her older children. On January 4, 2013, the circuit court held an evidentiary hearing in regard to petitioner and the prior involuntary terminations of her parental rights to the five older children. Following this hearing, the circuit court found that petitioner had failed to remedy the issues of abuse and neglect that caused her prior terminations and terminated her parental rights to J.H. It is from this order that petitioner appeals.

> "'Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

1

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.' Syllabus Point 1, *In the Interest of: Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996)."

Syl. Pt. 1, *In re Faith C.*, 226 W.Va. 188, 699 S.E.2d 730 (2010). Upon our review, the Court finds no error in the termination of petitioner's parental rights without the granting of an improvement period. Contrary to petitioner's argument that there are only two grounds upon which a circuit court may deny a parent an improvement period, West Virginia Code § 49-6-12 grants circuit courts discretion in granting improvement periods upon a showing that the parent will fully participate in the same. The record in this matter supports the circuit court's denial because of petitioner's failure to show, by clear and convincing evidence, that she would fully comply with the terms of an improvement period.

In its order, the circuit court noted that petitioner failed to meet this burden, citing her failure to acknowledge the existence of the conditions giving rise to abuse and neglect. We have previously held that

in order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense. *West Virginia Dept. of Health and Human Resources v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996).

*In re Kaitlyn P.*, 225 W.Va. 123, 126, 690 S.E.2d 131, 134 (2010). For these reasons, it is clear that petitioner failed to establish, by clear and convincing evidence, that she would fully participate in an improvement period, and it was not error for the circuit court to proceed to termination of her parental rights without granting an improvement period.

As to termination of petitioner's parental rights, the Court finds no error in this regard because the circuit court found that petitioner had not remedied the conditions of abuse or neglect that led to the prior involuntary termination of her parental rights to the older children. We have previously held that

[w]here there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the

prior involuntary termination sufficient to parent a subsequently-born child must, at minimum, be reviewed by a court . . . . Although the requirement that such a petition be filed does not mandate termination in all circumstances, the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § 49–6–5b(a) (1998) is present.

Syl. Pt. 2, in part, *In re George Glen B., Jr.*, 205 W.Va. 435, 518 S.E.2d 863 (1999). In the present matter, the circuit court specifically found that petitioner "has not evidenced that she acknowledges the existence of the problems that [led] to the termination of parental rights" to her older children.

This finding was based on petitioner's testimony, wherein she stated that she did nothing wrong in regard to the termination of her parental rights to her fifth child because she had prescriptions for the drugs present in the baby's system at birth. However, this testimony was directly contradicted by testimony from service providers who stated that petitioner admitted to taking pills that were not prescribed to her while pregnant. Further, petitioner testified that she could not identify the reasons for the other prior terminations, which the circuit court noted were based on several factors, including exposing the children to inappropriate individuals, domestic violence, neglect, and refusal to protect the children. Finally, the circuit court noted that petitioner "did not present evidence that she has remedied the problems which [led] to the prior involuntary termination sufficient to parent [J.H.]" Based upon the reduced minimum evidentiary threshold noted above, the circuit court did not err in terminating petitioner's parental rights upon this finding.

For the foregoing reasons, we find no error in the decision of the circuit court and its January 24, 2013 order is hereby affirmed.

Affirmed.

**ISSUED**:  November 26, 2013

**CONCURRED IN BY**:

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis